FILED

OCT 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUMAN SHEKHAR, | No. 07-70735 |
| Petitioner, | Agency No. A079-573-197 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2010[**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Suman Shekhar, a native and citizen of India, petitions for review of a final

decision issued by the Board of Immigration Appeals (BIA), affirming an

Immigration Judge's (IJ) denial of asylum, withholding of removal, and

Convention Against Torture (CAT) relief. We deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Shekhar contends she was persecuted and tortured in India on account of her imputed political opinion. Both the IJ and BIA concluded, however, that Shekhar was not credible. Substantial evidence supports that adverse credibility finding. *See Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1883 (2010) (citing standard).

The inconsistencies noted by the IJ and the BIA are apparent in the record and go to the heart of Shekhar's claims. *See Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009) (noting adverse credibility finding must be based on "specific, cogent reasons" found in the record, and at least one of the reasons "must go to the heart of the asylum claim"). In particular, the inconsistencies in Shekhar's testimony and her husband's testimony regarding the circumstances of their respective arrests and detentions clearly support the adverse credibility finding. *See Kin v. Holder*, 595 F.3d 1050, 1057-58 (9th Cir. 2010) (upholding adverse credibility finding based on inconsistencies in witnesses' testimony regarding the circumstances of their arrests). Moreover, Shekhar was given the opportunity to explain the inconsistencies, but failed to provide persuasive explanations. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (noting petitioner must be given the opportunity to explain any perceived inconsistencies).

Because Shekhar failed to establish her eligibility for asylum, she also failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006). Moreover, because Shekhar's claim of torture is based on the same statements and evidence found not to be credible, her CAT claim was also properly rejected. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Finally, we lack jurisdiction to consider Shekhar's request for a grant of humanitarian asylum because she did not make such a request in the administrative proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 676-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED**.